**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PEACE ELLUVASUN ALLAH CUSH-EL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-CV-0046 |
| | ) | |
| SCOTT ANDERS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 of self-represented petitioner Peace Elluvasun Allah Cush-El. [ECF No. 1]. Also before the Court is petitioner's motion to proceed in forma pauperis and motion for appointment of counsel. [ECF Nos. 2 and 4]. For the reasons discussed below, the Court shall grant petitioner's motion to proceed in forma pauperis and summarily dismiss this case. Petitioner's motion for appointment of counsel will be denied as moot.

**Background**

Petitioner Peace Elluvasun Allah Cush-El, also known as Guye F. Hunt,[1] is a pretrial detainee being held at the St. Louis County Justice Center. He initiated this action by filing an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 on a court-provided form. Attached to the application for writ of habeas corpus are one-hundred and thirty-four (134) pages of attached exhibits. [ECF No. 1].[2] In the attachments to his application for writ, petitioner

---

[1] The Middle District of North Carolina Bankruptcy Court described petitioner as "Guye F. Hunt, aka Peace Elluvasun Allah, aka Peace Elluvasun Allah Cush-El," based on petitioner's own filings in that matter. *In re Guye Hunt*, No. 14-50213 (Bankr. M.D. N.C. Feb. 28, 2014).

[2] Petitioner filed the same, or nearly identical, documents in a pending state court matter, *State v. Cush-El*, No. 19SL-CR04392-01 (21st Judicial Circuit, St. Louis County Court), in which he is currently awaiting a

has filed a motion and memorandum in support. In his memorandum in support, petitioner refers to himself as "Minister Peace Elluvasun Allah Cush-El of the Aboriginal Republic of North America Indigenous Political Authority ARNA-IPA."[3]

To understand the allegations in the pleadings, some review of petitioner's legal history is required. A search of court records on Pacer indicates that petitioner filed a voluntary Chapter 7 bankruptcy case in the Middle District of North Carolina on July 10, 2019. *In re Peace Elluvasun Allah Cush-El*, No. 19-50706 (Bankr. M.D. N.C. July 10, 2019). Petitioner received a discharge on May 1, 2020, and the case was closed as a "no-asset" case on May 18, 2020. *Id.*

Petitioner sought to reopen the bankruptcy case on July 14, 2020, arguing that the bond set in his pending Missouri criminal court matter was either discharged or dischargeable in his bankruptcy case, and that he should be released from incarceration without posting bond. *Id.* The United States Bankruptcy Administrator ("BA") objected to reopening the case, asserting that a bond in a criminal matter is not a pre-petition claim subject to discharge and because the bankruptcy matter was a no-asset case, the reopening of the case would not affect the discharge of any particular debt. *Id.* After a hearing, the Bankruptcy Court issued on Order denying the motion to reopen on August 14, 2020. *Id.*

---

April 17, 2023, trial on three felony charges of attempted statutory sodomy and a felony charge of statutory rape. Petitioner has filed multiple civil actions in state court regarding his pending state criminal charges, including a contempt case that was dismissed as "yet another frivolous attempt to improperly thwart his prosecution." *Cush-El v. State*, No. 20SL-CC02345 (21st Judicial Circuit, St. Louis County Court).

[3]Petitioner has raised his status as an "Aboriginal" person in many of his past filings. For example, in his bankruptcy matter in North Carolina, the BA filed a motion to dismiss arguing that the bankruptcy petition represented a bad faith attempt to invoke the jurisdiction and protection of the court to hinder and interfere with a Missouri criminal proceeding and to relitigate previously dismissed claims. *In re Peace Elluvasun Allah Cush-El,* No. 19-50706. The BA noted that petitioner had a pending criminal case in Missouri involving a charge of statutory rape. *Id.* The BA stated that petitioner had filed eight (8) previous actions in the Middle District of North Carolina District Court seeking relief from criminal matters based on the contention that petitioner is an "Aboriginal" sovereign citizen. All those cases were summarily dismissed. *Id.* (citing *Cush-El v. State of North Carolina*, No. 1:16CV610 (filed June 17, 2016)).

**The Petition**

Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is written on a court-provided form. Petitioner's filings are difficult to follow.  He seems to be making similar arguments to those he made before the bankruptcy court when he was seeking to reopen that case. *See In re Peace Elluvasun Allah Cush-El,* No. 19-50706 (Bankr. M.D. N.C. August 14, 2020).

Petitioner first asserts that the bond issued in his state criminal case violates the Chapter 7 bankruptcy discharge that he acquired in May 2020 in the Middle District of North Carolina District Court because the State of Missouri is a corporation. He additionally states that the state court indictment constitutes "discrimination," and he should be exempt from "fraud and identity theft."  Petitioner next asserts that under the United States Commercial Code (UCC), respondent is demanding payment of a debt and restraining his liberty. Petitioner further argues that he was illegally extradited from North Carolina resulting in a lack of jurisdiction over his person in Missouri state court. Last, petitioner appears to be making an argument for ineffective assistance of counsel with relation to his assigned public defenders. For relief, petitioner seeks immediate release from custody and "safe return to North Carolina."

Most of these claims are essentially identical to a prior case petitioner filed in this Court. *See Cush-El v. Burris*, No. 4:21-CV-768 SEP (E.D.Mo). In that case, in addition to the aforementioned allegations, petitioner argued that the bond issued in his state criminal case violated the Chapter 7 bankruptcy discharge that he acquired in May 2020 in the Middle District of North Carolina District Court. He also alleged that he and "his Aboriginal Property" were being illegally restrained by respondents in "violation of the automatic stay and that respondents were debt collectors attempting to collect a pre-petition debt. Petitioner further asserted that respondents "accepted by silence" the factual declarations attached to Freedom of Information Act (FOIA)

requests, and that the Fair Debt Collection Act had been violated because the State of Missouri had used "unfair or unconscionable means to collect or attempt to collect" the bond from him. *Id.* Last, petitioner claimed that the warrant in his state criminal case was defective and charged a "fictious entity" because it "re-classified him from an Internationally Protected Person under USC Title 18 § 112 Aboriginal American, into a 14th Amend. Second class subject of the United States Inc. African American black male."[4] *Id.*

On January 14, 2022, the District Court reviewed petitioner's amended application for writ pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court found that petitioner was not entitled to relief on his § 2241 petition and summarily dismissed the action. *Id.* Petitioner did not appeal the ruling. *Cush-El v. Burris*, No. 4:21-CV-768 SEP (E.D.Mo).

### Additional Relevant Litigation

In June of 2022, petitioner filed a complaint in this Court, seeking relief pursuant to 42 U.S.C. § 1983 against the State of Missouri, Michael L. Parsons, Eric Schmitt, Wesley Bell, William Barr, Stacy Cunningham and John Mariner Kemper. *See Cush-El v. State of Missouri,* No. 4:22-CV-656 RWS (E.D. Mo. August 8, 2021) Plaintiff sought and was granted leave to proceed in forma pauperis.

---

[4]Petitioner argues that he is being illegally held as an "internationally protected person," which is defined in 18 U.S.C. § 1116(b)(4) as:

> (A) a Chief of State or the political equivalent, head of government, or Foreign Minister whenever such person is in a country other than his own and any member of his family accompanying him; or

> (B) any other representative, officer, employee, or agent of the United States Government, a foreign government, or international organization who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity, and any member of his family then forming part of his household.

In his complaint against defendants, plaintiff alleged that the State of Missouri was a corporate entity that had violated a bankruptcy stay, the U.C.C., the National Bank Act, the Consumer Credit Protection Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Truth in Lending Act when it extradited plaintiff from North Carolina and charged him in a criminal matter in *State v. Cush-El*, No. 19SL-CR04392-01 (21st Judicial Circuit, St. Louis County Court).

On August 17, 2022, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint failed to state a claim upon which relief may be granted and was factually frivolous. *Cush-El v. State of Missouri,* No. 4:22-CV-656 RWS (E.D. Mo. August 8, 2021).

In November 2022, petitioner filed a complaint in this Court, seeking relief pursuant to 42 U.S.C. § 1983 against the State of Missouri, Michael L. Parsons, Eric Schmitt, Wesley Bell, William Barr, Stacy Cunningham and John Mariner Kemper. *See Cush-El v. State of Missouri*, No. 4:22-CV-1164 RWS (E.D. Mo. November 7, 2022). Plaintiff sought and was granted leave to proceed in forma pauperis.

In his complaint against defendants, petitioner alleged that he sent defendants a "UCC Aboriginal Trust Security Agreement," four FOIA requests, a "Notice of Bankruptcy," an "Administrative Default Judgment," a "Federal Trade Commission Affidavit," and an "Order of Discharge" from his Chapter 7 bankruptcy. He claimed that the purpose of these requests was for defendants "to provide information from their General Obligation Bonds and Comprehensive Annual Financial Report via account #19SL-CR04392." According to petitioner, he made this demand to require defendants "to provide information from their SEC files or from the files of their parent company in reference" to his Missouri state criminal case. Defendants were required to show that they had a legitimate claim and security bond over petitioner, including under the

National Bank Act, the Consumer Credit Protection Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Truth in Lending Act. Petitioner asserted that defendants failed to produce his original signature on a contact and failed to state for the record who the alleged original claimant was based on the proceeding laws. Second, petitioner contended that defendants failed to provide an affidavit certifying that as fiduciaries for the corporation, they did not breach any federal, state, contractual commercial or official oath in carrying out the alleged contract/claim. Third, he claimed that defendants failed to certify that they did not unlawfully use his signature without his consent, and that defendants failed to substantiate that they did not use his identity in a fraudulent manner. Finally, petitioner accused defendants of failing to provide documents pertaining to any stock, securities, bonds, etc. associated with account #19SL-CR03492 et al. on the NYSE…or any other State Stock Exchange or County/Municipal Stock Exchange. Petitioner last alleged that defendants participated in fraud, along with illegal transactions with respect to their claim, have violated their oaths of office and other commercial statutes.[5] Petitioner sought monetary damages and to have his state criminal case dismissed. *See Cush-El v. State of Missouri*, No. 4:22-CV-1164 RWS (E.D. Mo. November 7, 2022).

On November 7, 2022, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that the complaint failed to state a claim upon which relief may be granted and was factually frivolous. *Cush-El v. State of Missouri,* No. 4:22-CV-1164 RWS (E.D. Mo. November 7, 2022).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner

---

[5]Petitioner also sought to remove his criminal case to this Court, and he complained about the food he was receiving at St. Louis County Justice Center. He asserted that he asked for "healthy phototrophic foods," but that he had been "fed. . .only heterotrophic foods causing an adverse effect on [his] health."

is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed below, it plainly appears that petitioner is not entitled to relief on his § 2241 petition; therefore, it will be summarily dismissed.

Habeas corpus is generally a post-conviction remedy. *Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court. *Compare* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . .").

Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well established that federal district courts can entertain pretrial habeas petitions …."); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241,

which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). However, in general, a petition for writ of habeas corpus pursuant to § 2241 is a valid means of court review in only limited situations, including: "actions challenging the administration of parole; computation of good time or jail time credits; prison disciplinary actions; or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 1577673 (D.S.C. May 31, 2007) (internal citations omitted).

Based on a review of the petition, it plainly appears that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. In this case, petitioner seeks his release from confinement. Petitioner argues that the bond amount issued in his state court criminal case is illegal and fraudulent due to a Chapter 7 bankruptcy discharge. This argument has already been considered and denied by the Middle District of North Carolina Bankruptcy Court. Petitioner cannot now raise the issue in federal court for at least the fifth time.

The Supreme Court "has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). However, the Court has identified a general policy that duplicative litigation in federal courts should be avoided. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts … though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Furthermore, the Eighth Circuit has held that dismissal of duplicative litigation is appropriate to avoid the "unnecessary expenditure of scarce federal judicial resources" and "jurisprudential concerns." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001).

In addition, petitioner's argument that he is an "internationally protected person" being held in violation of criminal law, based on his alleged status as an "Aboriginal" citizen in (what

appears to be) a self-created autonomous foreign political authority, is completely lacking in merit. The allegations of the petition fail to allege any cognizable claim for relief that has not already been decided by another court.

Moreover, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) (internal citations omitted)). *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court").

## Conclusion

Petitioner's petition shall be summarily dismissed because it plainly appears that petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing § 2254 Cases. The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. Petitioner's state criminal case is ongoing and he raises no issue in his pleadings that justifies this Court's involvement. Petitioner's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that the Court will not issue a Certificate of Appealability.

28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of January, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE